UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────X
PENSION AND HEALTH & WELFARE FUNDS OF
THE UNITED FOOD & COMMERCIAL WORKERS
LOCAL 2013, AFL-CIO BY THEIR BOARD OF
TRUSTEES LOUIS MARK CAROTENUTO and
STANLEY FLEISHMAN,                                              **COMPLAINT**

                              Plaintiffs,                        CV-20-02465

      -against-

BROADWAY PARTY RENTALS, INC. f/k/a
BROADWAY FAMOUS PARTY RENTALS,

                              Defendant.
──────────────────────────────X

        Plaintiffs PENSION AND HEALTH & WELFARE FUNDS OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO BY THEIR BOARD OF TRUSTEES LOUIS MARK CAROTENUTO and STANLEY FLEISHMAN, by and through their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

        1.        This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1381, to compel payment of Defendant's withdrawal liability to Plaintiff PENSION FUND OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO ("LOCAL 2013 PENSION FUND") and to recover fringe benefit contributions owed to Plaintiff HEALTH & WELFARE FUND OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO ("LOCAL 2013 HEALTH & WELFARE FUND") pursuant to ERISA, 29 U.S.C. § 1001 *et seq.* and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.

## JURISDICTION & VENUE

2. The subject matter jurisdiction of this Court is invoked pursuant to Sections 502, 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132, 1145 and 1442, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3. Venue is properly laid in the Eastern District of New York pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1442(e), along with Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that, as shown below, Plaintiffs LOCAL 2013 PENSION FUND and LOCAL 2013 HEALTH & WELFARE FUND are both administered from offices located at 9235 Fourth Avenue, Brooklyn, County of Kings, State of New York.

## THE PARTIES

4. Plaintiffs LOCAL 2013 PENSION FUND and LOCAL 2013 HEALTH & WELFARE FUND are joint trustee funds established by trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186, and the Trustees of both Plaintiffs maintain the subject plans at offices located at 9235 Fourth Avenue, Brooklyn, New York.

5. Plaintiffs LOUIS MARK CAROTENUTO and STANLEY FLEISHMAN are the Trustees of Plaintiffs LOCAL 2013 PENSION FUND and LOCAL 2013 HEALTH & WELFARE FUND, and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. By resolution dated October 30, 2013, the Board of Trustees of Plaintiff LOCAL 2013 PENSION FUND officially resolved to change the name of the pension plan from the "Local 348 Pension Fund" to its current name.

7. Plaintiff LOCAL 2013 PENSION FUND is an employee pension benefit plan within the meaning of Section 3(2) of the ERISA, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

8. Plaintiff LOCAL 2013 HEALTH & WELFARE FUND is an employee health benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical benefits to eligible participants.

9. Plaintiffs LOCAL 2013 PENSION FUND and LOCAL 2013 HEALTH & WELFARE FUND constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

10. Upon information and belief, Defendant BROADWAY PARTY RENTALS, INC. f/k/a BROADWAY FAMOUS PARTY RENTALS ("BROADWAY PARTY RENTALS") was and still is a New York corporation with its principal place of business located at 134 Morgan Avenue, Brooklyn, New York.

11. Upon information and belief, Defendant BROADWAY PARTY RENTALS was and still is a foreign corporation duly licensed to do business in the State of New York.

12. Upon information and belief, Defendant BROADWAY PARTY RENTALS was and still is a foreign corporation doing business in the State of New York.

13. Upon information and belief, Defendant BROADWAY PARTY RENTALS is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## AS AND FOR A FIRST CAUSE OF ACTION
## (PENSION WITHDRAWAL LIABILITY)

14. Plaintiff LOCAL 2013 PENSION FUND repeats and realleges each and every paragraph of the Complaint numbered 1 through 13 inclusive with the same force and effect as though more fully set forth at length herein.

15. Pursuant to the terms and conditions of the collective bargaining agreement entered into by and between Defendant BROADWAY PARTY RENTALS and United Food & Commercial Workers Local 2013, AFL-CIO ("Local 2013") formerly known as "U.F.C.W. Local 348-S", Defendant BROADWAY PARTY RENTALS was obligated to remit contributions to Plaintiff LOCAL 2013 PENSION FUND on behalf of those employees covered by the collective bargaining agreement.

16. On or about December 31, 2008, contributing employers, including Defendant BROADWAY PARTY RENTALS, withdrew in mass from Plaintiff LOCAL 2013 PENSION FUND within the meaning of Section 4219(c)(1)(D) of ERISA, 29 U.S.C. § 1399(c)(1)(D), and were no longer obligated to contribute to Plaintiff LOCAL 2013 PENSION FUND, thereby completely withdrawing from said Plaintiff within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

17. As a result of completely withdrawing from Plaintiff LOCAL 2013 PENSION FUND, contributing employers, including Defendant BROADWAY PARTY RENTALS, became liable for withdrawal liability.

18. On or about June 1, 2010, pursuant to Section 4202 of ERISA, 29 U.S.C. § 1382 and 29 C.F.R. § 4219.16(c), Defendant BROADWAY PARTY RENTALS was notified by Plaintiff LOCAL 2013 PENSION FUND of its reallocation liability in the amount of

$742,617.00, the basis for the calculation of same and the option of making a single payment or quarterly installment payments in perpetuity.

19. The payment schedule set forth in the notification forwarded to Defendant BROADWAY PARTY RENTALS, on or about June 1, 2010, provided for annual installments of $37,694.00 each to be paid through quarterly payments of $9,423.50 each. In addition to the principal amount owed in reallocation liability, these payments included interest which exceeded the payment amount, thereby resulting in perpetual payments having to be made to Plaintiff LOCAL 2013 PENSION FUND.

20. Defendant BROADWAY PARTY RENTALS elected to remit quarterly installment payments which it continued to pay to Plaintiff LOCAL 2013 PENSION FUND through February 1, 2020.

21. Subsequent thereto, Defendant BROADWAY PARTY RENTALS has failed to remit the required quarterly installment payment to Plaintiff LOCAL 2013 PENSION FUND due on May 1, 2020, thereby leaving an unpaid balance of withdrawal liability in the amount of $742,617.00.

22. As a result of this default, by written notice dated March 16, 2020, Plaintiff LOCAL 2013 PENSION FUND advised Defendant BROADWAY PARTY RENTALS that it had sixty (60) days to cure said default in accordance with Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

23. As of the date hereof, Defendant BROADWAY PARTY RENTALS has failed to cure its default and more than sixty (60) days have elapsed since said Defendant received written notification of said default from Plaintiff LOCAL 2013 PENSION FUND.

24. Defendant BROADWAY PARTY RENTALS has not at any time sought a review of any matter relating to its mass withdrawal liability determination including but not limited to its reallocation liability calculation and schedule of payments as provided by Plaintiff LOCAL 2013 PENSION FUND.

25. Defendant BROADWAY PARTY RENTALS has neither requested nor initiated any arbitration proceeding pursuant to Section 4221(a) of ERISA, 29 U.S.C. § 1401(a).

26. The failure of Defendant BROADWAY PARTY RENTALS to remit payments relating to its reallocation liability constitutes a default pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A) and, accordingly, Plaintiff LOCAL 2013 PENSION FUND is entitled to the immediate payment of said Defendant's reallocation liability amount along with accrued interest.

27. Accordingly, as a direct and proximate result of Defendant BROADWAY PARTY RENTALS's defaults, omissions and breaches of its obligations relating to its withdrawal liability, Plaintiff LOCAL 2013 PENSION FUND is entitled to the amount of $742,617.00 along with accrued interest, liquidated damages, reasonable attorneys' fees and costs pursuant to Sections 502(g)(2), 4219(c)(6) and 4301(b) & (e) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1399(c)(6) and 1451(b) & (e).

### AS AND FOR A SECOND CAUSE OF ACTION
### (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

28. Plaintiff LOCAL 2013 HEALTH & WELFARE FUND repeats and realleges each and every paragraph of the Complaint numbered 1 through 27 inclusive with the same force and effect as though more fully set forth at length herein.

29.     At all times relevant hereto, Defendant BROADWAY PARTY RENTALS agreed to be bound by the terms and conditions of a collective bargaining agreement with Local 2013 (hereinafter referred to as the "Collective Bargaining Agreement").

30.     Local 2013 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152, having its principal office for the transaction of business located at 9235 Fourth Avenue, Brooklyn, New York.

31.     Upon information and belief, for the period of February 1, 2020 through March 31, 2020, Defendant BROADWAY PARTY RENTALS has failed to remit payment of contractually required fringe benefit contributions in the amount of $96,705.36.

32.     Defendant BROADWAY PARTY RENTALS remains delinquent in making the proper contributions and has failed to pay any portion of the outstanding contributions owed to Plaintiff LOCAL 2013 HEALTH & WELFARE FUND as detailed above.

33.     Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Collective Bargaining Agreement by Defendant BROADWAY PARTY RENTALS, said Defendant is liable to Plaintiff LOCAL 2013 HEALTH & WELFARE FUND in the amount of $96,705.36.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(BREACH OF ERISA OBLIGATIONS)**

34.     Plaintiff LOCAL 2013 HEALTH & WELFARE FUND repeats and realleges each and every paragraph of the Complaint numbered 1 through 33 inclusive with the same force and effect as though more fully set forth at length herein.

35.     The failure of Defendant BROADWAY PARTY RENTALS to make the required fringe benefit contribution payments to Plaintiff LOCAL 2013 HEALTH & WELFARE FUND

for the period of February 1, 2020 through March 31, 2020 in the amount of $96,705.36, is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

36. Defendant BROADWAY PARTY RENTALS remains delinquent in making the proper contributions and has failed to pay any portion of the outstanding contributions owed to Plaintiff LOCAL 2013 HEALTH & WELFARE FUND as detailed above.

37. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to Plaintiff LOCAL 2013 HEALTH & WELFARE FUND: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plan Document maintained for said Plaintiff, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) liquidated damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

38. Accordingly, as a direct and proximate result of the breach of the Collective Bargaining Agreement by Defendant BROADWAY PARTY RENTALS and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, Defendant BROADWAY PARTY RENTALS is liable to Plaintiff LOCAL 2013 HEALTH & WELFARE FUND in the amount of $96,705.36, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, liquidated damages, reasonable attorneys' fees and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE**, Plaintiff PENSION FUND OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO demands judgment against Defendant

BROADWAY PARTY RENTALS, INC. f/k/a BROADWAY FAMOUS PARTY RENTALS in the amount of withdrawal liability totaling $742,617.00, together with:

a. Interest computed on the total amount owed by Defendant, in accordance with Sections 502(g)(2)(B), 4219(c)(6) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(6) and 1442(b);

b. Liquidated damages in accordance with Sections 502(g)(2)(C) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C) and 1442(b);

c. Attorneys' fees, costs and disbursements in accordance with Sections 502(g)(2)(D) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D) and 1442(b); and

d. Such other and further relief as the Court may deem just and proper in accordance with Sections 502(g)(2)(E) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(E) and 1442(b).

**WHEREFORE**, Plaintiff HEALTH & WELFARE FUND OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO demands judgment on the Second Cause of Action as against Defendant BROADWAY PARTY RENTALS, INC. f/k/a BROADWAY FAMOUS PARTY RENTALS in the amount of contributions totaling $96,705.36.

**WHEREFORE**, Plaintiff HEALTH & WELFARE FUND OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO demands judgment on the Third Cause of Action as against Defendant BROADWAY PARTY RENTALS, INC. f/k/a BROADWAY FAMOUS PARTY RENTALS in the amount of contributions totaling $96,705.36, together with:

a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

b. Liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

c. Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

      d.  Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
June 3, 2020

                Respectfully submitted,

                BRADY McGUIRE & STEINBERG, P.C.

By:   */s/ James M. Steinberg*
                James M. Steinberg, Esq.
                Attorneys for Plaintiffs
                303 South Broadway, Suite 234
                Tarrytown, New York 10591
                (914) 478-4293
                james@bradymcguiresteinberg.com